Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 200318-170946
DATE: October 29, 2021

REMANDED

Entitlement to payment or reimbursement for the cost of medical services provided by the appellant on December 5, 2019, is remanded.

Entitlement to payment or reimbursement for the cost of medical services provided by the appellant on December 11, 2019, is remanded.

Entitlement to payment or reimbursement for the cost of medical services provided by the appellant on February 12, 2020, is remanded.

Entitlement to payment or reimbursement for the cost of medical services provided by the appellant on February 26, 2020, is remanded.

REASONS FOR REMAND

The Veteran had active service from April 1973 to July 1975.

In the March 2020 VA Forms 10182, Decision Review Request: Board Appeal, the appellant elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decisions on appeal. 38 C.F.R. § 20.301.

1. Entitlement to payment or reimbursement for the cost of medical services provided by the appellant on December 5, 2019, is remanded.

2. Entitlement to payment or reimbursement for the cost of medical services provided by the appellant on December 11, 2019, is remanded.

3. Entitlement to payment or reimbursement for the cost of medical services provided by the appellant on February 12, 2020, is remanded.

4. Entitlement to payment or reimbursement for the cost of medical services provided by the appellant on February 26, 2020, is remanded.

June 2021 reports in the file state that the decisions and clinical tracking records are unavailable for the claims now before the Board. The decisions on appeal must be associated with the claims file before there can be a decision on the merits. If documentation related to these claims cannot be associated with the record, the appellant must be notified of the missing records and given the opportunity to submit any copies in their possession. Should the decisions on appeal be unavailable, the claims must be readjudicated before they are returned to the Board.

Disputes under the Veterans Community Care Program (VCCP) or Veterans Care Agreements, to include reimbursement of payment for related care, do not fall within the Board's jurisdiction. 38 U.S.C. § 1703(f) (effective June 6, 2019) ("The review of any decision under [the VCCP] shall be subject to the Department's clinical appeals process, and such decisions may not be appealed to the Board of Veterans' Appeals"); 38 C.F.R. § 17.4135(c)(5) (effective June 6, 2019) (disputes with VCAs will result in a written decision by the responsible VA official and constitute VA's final decision on the dispute). The Board needs the complete record from these claims before determining whether there is a lack of jurisdiction under the VCCP.

The matters are REMANDED for the following action:

1. Notify the appellant that they may submit copies of the decisions on appeal for the December 5, 2019, December 11, 2019, February 12, 2020, and February 26, 2020, dates of service.

2. Associate records related to the claim for payment or reimbursement for the cost of medical services provided to the Veteran on December 5, 2019, December 11, 2019, February 12, 2020, and February 26, 2020, with the Veteran's claims file, including the decisions on appeal, which appear to be dated December 19, 2019, December 23, 2019, March 9, 2020, and March 13, 2020, respectively.

3. If the decision on appeal cannot be associated with the claims file, readjudicate the claims for the cost of medical services provided by the appellant on December 5, 2019, December 11, 2019, February 12, 2020, and February 26, 2020, and associate the new decisions with the claims file. 

 

 

Michael J. Skaltsounis

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Scott Shoreman, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.